**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ANDRE WAUL,

                         Plaintiff,

   v.                                  No. 05-CV-24
                                        (DNH/DRH)

LESTER N. WRIGHT, M.D.; JOHN E.
CUNNINGHAM, JR., M.D.; STEVEN VAN
BUREN, Regional Health Service Adm.; RODD
KOCH, Physical Therapist; MICHAEL
ANUSZEWSKI, Physical Therapist; JOHN IAN
VITTO, Physical Therapist; DANNY PREOCANIN,
Physical Therapist; VINCENT MENYA, Physical
Therapist; TIMOTHY WHALEN, M.D.; MITCHELL
RUBINOVICH, M.D.; COREY, Corrections
Sergeant; and BAILEY, Corrections Officer,

                         Defendants.

---

**APPEARANCES:**                       **OF COUNSEL:**

ANDRE WAUL
No. 78-A-2915
Plaintiff Pro Se
Fishkill Correctional Facility
Post Office Box 1245
Beacon, New York 12508

HON. ELIOT SPITZER               BRIDGET E. HOLOHAN, ESQ.
Attorney General for the             Assistant Attorney General
 State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[1]

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Plaintiff pro se Andre Waul ("Waul"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, eight DOCS employees and four physical therapists, violated his constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 9) at ¶¶ 51-56. Presently pending is the motion of seven defendants[2] to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Docket No. 28.[3] For the following reasons, it is recommended that defendants' motion be granted in part and denied in part, and it is further recommended that the amended complaint as to defendant Vitto be dismissed without prejudice.

**I. Background**

The facts as alleged in the complaint are assumed to be true for the purposes of this motion. See Section II(A) infra.

On October 6, 1999, after complaining of severe pain, Waul was taken to the Regional Medical Unit ("RMU") and examined by Dr. Das. Am. Compl. at ¶¶ 19-20. An MRI was taken of Waul's knee and revealed a "total tear of the anterior cruciate ligament ("ACL")/ partial tear of the post cruciate ligament/ tear post horn lateral meniscus/ peripheral tear post horn medical meniscus." Id. at ¶ 20. Dr. Das then prescribed a physical therapy

---

[2] Wright, Van Buren, Whalen, Rabinovich, Corey, Bailey, and Cunningham. Defs. Mem. of Law (Docket No. 28) at 2 n.1.

[3] The motion was also filed on behalf of Rodd Koch, a physical therapist. Defs. Mem. of Law at 2 n.1. However, an answer was filed on Koch's behalf by different counsel eight days after the motion to dismiss was filed. Docket No. 31; see Docket No. 44, at 2 n.1 ("It appears from the docket that defendant Rodd Koch is represented by both the New York Attorney General and the Roemer, Wallens Law Firm."). Therefore, the motion to dismiss on behalf of Koch is deemed withdrawn.

program to begin immediately after the surgery. Id. On or about November 4, 1999, Waul had broken his left knee patella. Id. at ¶ 21. On November 9, Dr. Das performed surgery on Waul in order to treat the ACL tear and broken left knee patella. Id. at ¶ 22. Shortly thereafter, Waul was again examined by Dr. Das and was warned that he must begin physical therapy immediately. Id. at ¶ 23.

Over the next few weeks, Waul was taken to RMU several times for physical therapy, but not as frequently as Dr. Das prescribed. Id. at ¶ 25. Waul wrote letters to Wright and Cunningham complaining of the lack of therapy sessions, but no change was made. Id. at ¶¶ 27-32. Waul also received no help from Whalen after repeated complaints. Id. at ¶ 41. Sometime in 2002, Waul filed two grievances complaining of a lack of proper medical treatment and physical therapy equipment, but both were denied. Id. at ¶ 43. On or about July 10, 2004 under a medical permit issued by a nurse practitioner, Waul attempted to elevate his legs on a chair. Id. at ¶ 46. However, Bailey repeatedly ordered Waul to remove his legs from the chair. Id. at ¶¶ 46-48. Waul complained to Corey, Bailey's supervisor, but to no avail. Id. at ¶ 47. This action followed.

## II. Discussion

Waul asserts six causes of action in his complaint, each alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment. Am. Compl. at ¶¶ 51-56. The moving defendants seek dismissal of all claims.

3

**A. Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "[a] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).[4]

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion. Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)). This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief." Id. "'This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'" Id. (quoting Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)).

---

[4] Waul has filed at least two other federal actions since 1978. See U.S. Party/Case Index (visited Feb. 13, 2006) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

## B. Statute of Limitations

Defendants contend that all claims against defendant Cunningham and, in part, defendant Wright are time-barred.

While there is no provision in 42 U.S.C. § 1983 for the statute of limitations of a civil rights claim, 42 U.S.C. § 1988 provides that state law may apply if not inconsistent with the Constitution or federal law. 42 U.S.C. § 1988(a) (2003); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973). In New York, the applicable statute of limitations for a § 1983 suit is the three-year period governing suits to recover upon a liability created or imposed by statute. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); N.Y. C.P.L.R. 214(2) (McKinney 2003).

Federal law governs the determination of the accrual date for the purposes of a § 1983 claim. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). The claim accrues when the plaintiff "knows or has reason to know" of the harm. Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994). The critical time for accrual purposes is when a plaintiff is aware that he or she is suffering a wrong for which damages may be recovered in a civil rights action. Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980). However, if the plaintiff demonstrates a continuing violation, the statute of limitations is tolled and does not begin until the last injurious act. See Shomo v. City of New York, No. 03 Civ. 10213(AKH), 2005 WL 756834, at *4 (S.D.N.Y. Apr. 4, 2005) (applying the doctrine of continuing violation to medical indifference claims). In order to invoke the doctrine of continuing violation, plaintiff must "'allege both the existence of an ongoing policy of discrimination and some non-time barred acts taken in furtherance of that policy.'" Id. at *6 (quoting Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)).

5

Here, Waul alleges that Wright and Cunningham "affirmatively promoted a policy or custom which sanctioned the type of actions . . . which caused the [Eighth Amendment] violations." Am. Compl. at ¶¶ 51-52. Further, Waul's allegations of violations as late as 2005 are sufficient to allege "non-time barred acts taken in furtherance of [the] policy." Thus, drawing all inferences in favor of Waul, and in light of his pro se status, the allegations at this stage suffice to survive a motion to dismiss.

Therefore, the defendants' motion on this ground should be denied as to defendants Wright and Cunningham.

### C. Personal Involvement

Defendants contend that Waul has failed to allege the personal involvement of defendant Wright. It appears from the amended complaint that Wright served as a DOCS Associate Commissioner generally in charge of health services for inmates. Am. Compl. at ¶ 3. There is no allegation that Wright, a doctor, ever personally rendered or denied treatment to Waul.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). The doctrine of respondeat superior is not a substitute for personal involvement. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, supervisory officials may not be held liable merely because they held a position of authority. Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). Supervisory personnel may be considered "personally involved," however, if they participated in the conspiracy, learned of the violation but failed to remedy the wrong,

6

created a policy or custom under which unconstitutional practices occurred or allowed such policy or custom to continue, or were grossly negligent in managing subordinates who caused the violation.  Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986) (citations omitted).   However, "receiving a letter from an inmate does not constitute sufficient personal involvement to generate supervisory liability."  Petty v. Goord, No. 00 Civ.803 (MBM), 2002 WL 31458240 at *8 (S.D.N.Y. Nov.4, 2002).  On the other hand, "personal involvement will be found ... where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint."  Rivera v. Pataki, No. 04 Civ. 1286(MBM), 2005 WL 407710 at *23 (S.D.N.Y. Feb.7, 2005) (quoting Johnson v. Wright, 234 F. Supp. 2d 352, 363-64 (S.D.N.Y.2002)).

Waul's factual allegations against Wright allege only that Waul sent letters to Wright on three occasions complaining about his medical care.  See Am. Compl. at ¶¶ 27, 28, 30.  There are no allegations that Wright responded to Saul's letters or took any steps in response.  Absent such allegations, the conclusory assertions of Wright's involvement will not suffice to establish personal involvement.  See Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir.1997) (dismissing claims against DOCS Commissioner where receipt of two letters from inmate-plaintiff alone failed to establish personal involvement).

Accordingly, defendants' motion on this ground should be granted and Wright should be dismissed from the case.

### D. Eight Amendment

Waul contends in each cause of action that defendants violated his Eighth Amendment rights by failing to provide proper physical therapy treatment for his knee.

7

Defendants contend that Waul fails to allege an Eighth Amendment claim.

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). More than negligence is required but less than "conduct undertaken for the purpose of causing harm." Hathaway, 37 F.3d at 66. The test for a § 1983 claim is twofold. First, the prisoner must show that there was a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Hathaway, 37 F.3d at 66. Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Chance, 143 F.3d at 702. Prison officials "who actually knew of the substantial risk to inmate health and safety may be found free from liability if they reasonably responded to the risk, even if the harm ultimately was not avoided." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (citing Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)). An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious. Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Chance, 143 F.3d at 702. Mere

8

disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703; Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990). Allegations of negligent malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Here, Waul alleges that by deviating from the physical therapy treatment prescribed by orthopedic specialists, defendants "exercised deliberate indifference to [Waul's] serious med[ical] needs" which resulted in Waul "suffering injury, chondromalacia, not being able to carry on normal physical activities . . . degeneration and severe, extreme and constant pain to . . . his... knees and legs." Am. Compl. at ¶¶ 51-56. Viewing these allegations in the light most favorable to Waul, he sufficiently alleges that defendants' failure to follow the prescribed physical therapy has led to severe pain and degeneration of the strength of his knee, which arguably constitutes a serious medical condition. See Scott v. Goord, No. 01 Civ. 0847(LTS), 2004 WL 2403853, at *10 (S.D.N.Y. Oct. 27, 2004) (holding that severe pain, extreme tissue loss, and inability to bend an injured knee had established a genuine issue of material fact for Eighth Amendment "serious medical need" purposes). Assuming this condition, the failure of defendants to provide Waul with his prescribed physical therapy could suffice to demonstrate deliberate indifference. Thus, drawing all inferences in favor of Waul, and in light of his pro se status, the allegations at this stage suffice to survive a motion to dismiss as to Waul's deliberate indifference claims.

Therefore, defendants' motion on this ground should be denied.

9

### E. Qualified Immunity

Defendants contend that they are entitled to qualified immunity on this motion to dismiss. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002) (McAvoy, J), aff'd, 80 Fed. Appx. 146 (2d Cir. 2003). A party asserting an immunity defense in a Rule 12(b)(6) motion must meet a more stringent standard than one asserting this defense in a motion for summary judgment. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998). The facts supporting the immunity defense must appear on the face of the complaint and the motion may be granted on this ground only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. at 74; Citibank v. K-H Corp, 968 F.2d 1489, 1494 (2d Cir. 1992).

Thus, a plaintiff is entitled to all reasonable inferences from the facts alleged, including those that defeat an immunity defense. McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). Qualified immunity is afforded when the right allegedly violated was not clearly established at the time of the defendant's conduct. See Rodriguez v. Phillips, 66 F.3d 470, 475 (2d Cir. 1995). Here, accepting all of Waul's allegations as true and liberally construing the complaint, he has sufficiently pled a constitutional violation. The prohibition against acting with deliberate indifference to a prisoner's serious medical need was clearly established at the time of the alleged Eighth Amendment violation.

A court must then look "to both 'the clarity of the law establishing the right allegedly violated' as well as 'whether a reasonable person, acting under the circumstances then

confronting a defendant would have understood' that his actions were unlawful." Vega v. Miller, 273 F.3d 460, 466 (2d Cir. 2001). Among other things, Waul alleges that defendants failed to provide the therapy prescribed by his doctor. Accepting the facts as alleged in the complaint as true, defendants' actions could be found unreasonable in the circumstances as defendants would reasonably have understood that their deliberate indifference to Waul's serious medical need was unlawful.

Therefore, defendants' motion on this ground should be denied.

### III. Defendant Vitto

Defendant Vitto has not been served with process and has not otherwise appeared in this action. See Docket No. 24. Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effectuated within 120 days of the date of the filing of the complaint. See also N.D.N.Y.L.R. 4.1(b). The amended complaint was filed on April 7, 2005 (Docket No. 9) and a summons was issued on April 20, 2005 (Docket Entry dated 4/20/2005). The summons was returned unexecuted on July 21, 2005. Docket No. 24. On September 7, 2005, a letter was sent to William M. Gonzalez, deputy counsel for DOCS, in order to locate Vitto. Docket No. 36. On November 4, 2005, Gonzalez replied, stating that "John Vitto is not an employee of the Department." Docket No. 41. Thus, more than 120 days have passed since the summons was issued. Accordingly, it is recommended that the complaint be dismissed as to Vitto without prejudice pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b).

11

### IV.  Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 28) be:

    1. **GRANTED** as to defendant Wright and defendant Wright should be dismissed from this case; and

    2. **DENIED** in all other respects; and

**IT IS FURTHER RECOMMENDED** that the amended complaint be **DISMISSED** without prejudice as to defendant Vitto.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: February 16, 2006
       Albany, New York

*David R. Homer*
United States Magistrate Judge