**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ANDRE WAUL,

                          Plaintiff,

    v.                                    No. 05-CV-24
                                                (DNH/DRH)

JOHN E. CUNNINGHAM, JR., M.D.; STEVEN
VAN BUREN, Regional Health Service Adm.;
RODD KOCH, Physical Therapist; MICHAEL
ANUSZEWSKI, Physical Therapist; DANNY
PREOCANIN, Physical Therapist; VINCENT
MENYA, Physical Therapist; TIMOTHY
WHALEN, M.D.; MITCHELL RUBINOVICH, M.D.;
COREY, Corrections Sergeant; and BAILEY,
Corrections Officer,

                          Defendants.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| ANDRE WAUL<br>No. 78-A-2915<br>Plaintiff Pro Se<br>Fishkill Correctional Facility<br>Post Office Box 1245<br>Beacon, New York 12508 | |
| HON. ANDREW M. CUOMO<br>Attorney General for the State of<br>   New York<br>Attorney for State Defendants<br>The Capitol<br>Albany, New York 12224 | BRIDGET ERIN HOLOHAN, ESQ.<br>Assistant Attorney General |
| ROEMER WALLENS &<br>MINEAUX LLP<br>Attorney for Defendants Koch,<br>Anuszewski, Preocanin, and Menya<br>13 Columbia Circle<br>Albany, New York 12203 | MATTHEW J. KELLY, ESQ. |

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff pro se Andre Waul ("Waul"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, eight DOCS employees and four physical therapists, violated his constitutional rights under the Eighth Amendment. Am. Compl. (Docket No. 9) at ¶¶ 51-56. Presently pending is the motion of the four physical therapists[2] to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Docket No. 66. For the following reasons, it is recommended that defendants' motion be denied.

**I. Background**

The facts as alleged in the complaint are assumed to be true for the purposes of this motion. See Section II(A) infra.

On October 6, 1999, Waul was diagnosed with a "total tear of the anterior cruciate ligament ("ACL")/ partial tear of the post cruciate ligament/ tear post horn medical meniscus." Am. Compl. at ¶ 20. On November 9, 1999, Waul underwent surgery to treat the ACL as well as a broken patella. Id. at ¶¶ 21-22. His surgeon prescribed a physical therapy regimen to begin following the operation. Id. at ¶ 20. However, during a follow-up visit on November 15, Waul's surgeon noted that he had not started physical therapy and ordered him to do so immediately. Id. at ¶ 23.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Koch, Anuszewski, Preocanin, and Menya. Defs. Mem. of Law (Docket No. 66) at 1.

-2-

Waul received physical therapy from defendants Koch and Anuszewski several times over the next few weeks, although not as often as his doctor prescribed. Id. at ¶¶ 24-26. Koch ultimately discharged Waul from physical therapy in contravention of the doctor's orders. Id. at ¶ 34. Preocanin and Menya provided physical therapy to Waul in 2001 without using the prescribed therapy equipment and did not follow the surgeon's protocols. Id. at ¶¶ 38-40. Waul complained to Menya on July 18, 2002 that he was not receiving the therapy prescribed, but to no avail. Id. at ¶ 43. This action followed.

## II. Discussion

Waul asserts six causes of action in his amended complaint, each alleging deliberate indifference to a serious medical need in violation of the Eighth Amendment. Am. Compl. at ¶¶ 51-56. The moving defendants seek dismissal of all claims.

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "[a] court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal is only warranted if it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of his or her claim which would be entitled to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In evaluating whether these requirements are met, complaints prepared pro se are held to less stringent standards than formal pleadings

-3-

drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).[3]

When a motion to dismiss is brought prior to an answer and discovery, a court is loath to grant the motion. Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)). This is true even if "the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him [or her] to relief." Id. "'This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'" Id. (quoting Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)); see also Triestman v. Fed. Bureau of Prisons, __ F.3d __, 2006 WL 3499975, at *5 (2d Cir. Dec. 5, 2006).

### B. Statute of Limitations

Defendants contend that all claims against defendants Koch, Anuszewski, Preocanin, and Menya are time-barred.

While there is no provision in 42 U.S.C. § 1983 for the statute of limitations on a civil rights claim, 42 U.S.C. § 1988 provides that state law may apply if not inconsistent with the Constitution or federal law. 42 U.S.C. § 1988(a) (2003); Moor v. County of Alameda, 411 U.S. 693, 702-03 (1973). In New York, the applicable statute of limitations for a § 1983 suit is the three-year period governing suits to recover upon a liability created or imposed by statute. See Owens v. Okure, 488 U.S. 235, 249-51 (1989); Romer v. Leary, 425 F.2d 186,

---

[3] Waul has filed at least two other federal actions since 1978. See U.S. Party/Case Index (visited Jan. 2, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

187 (2d Cir. 1970); N.Y. C.P.L.R. 214(2) (McKinney 2003).  A pro se prisoner's complaint is deemed filed on the date it is sworn to and given to prison officials.  Shomo v. City of New York, No. 03 Civ. 10213(AKH), 2005 WL 756834, at *3 (S.D.N.Y. Apr. 4, 2005); see also Dory v. Ryan, 999 F.2d 679, 681-82 (2d Cir. 1993) (holding that a complaint delivered to prison officials within the statute of limitations was timely).[4]

Federal law governs the determination of the accrual date for the purposes of a § 1983 claim.  Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002).  The claim accrues when the plaintiff "knows or has reason to know" of the harm.  Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994).  The critical time for accrual purposes is when a plaintiff is aware that he or she is suffering a wrong for which damages may be recovered in a civil rights action.  Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980).  However, if the plaintiff demonstrates a continuing violation, the statute of limitations is tolled and does not begin until the last injurious act.  See Shomo, 2005 WL 756834, at *4 (applying the doctrine of continuing violation to medical indifference claims).

In order to invoke the doctrine of continuing violation, a plaintiff must "allege both the existence of an ongoing policy of discrimination and some non-time barred acts taken in furtherance of that policy."  Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999).  A continuing violation saves otherwise time-barred claims of "discriminatory acts committed *under an ongoing policy of discrimination* even if those acts, standing alone, would have been barred by the statute of limitations."  Quinn v. Green Tree Credit Corp., 159 F.3d 759,

---

[4] Here, Waul's original complaint was sworn to on July 28, 2004.  Docket No. 2.  Therefore, his claims, even without the aid of the continuing violation doctrine, reach back three years to July 28, 2001.

765 (2d Cir. 1998) (quoting Annis v. County of Westchester, 136 F.3d 239, 246 (2d Cir. 1998). Nevertheless, "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism, do not amount to a continuing violation." Quinn, 159 F.3d 759, 765 (2d Cir. 1998) (quoting Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993). Proof of a continuing violation may lie where "specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." Quinn, 159 F.3d 759, 766 (2d Cir. 1998) (quoting Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir. 1994); Findlay v. Reynolds Metals Co., 82 F. Supp. 2d 27, 37 (N.D.N.Y. 2000).

In order to survive a motion to dismiss on statute of limitations grounds, a plaintiff asserting a continuing violation must allege such a discriminatory policy or mechanism. Findlay, 82 F. Supp. 2d 27, 37 (N.D.N.Y. 2000); *see also* Harris, 186 F.3d 243, 250 (holding that the mere allegation that an ongoing policy exists is enough to survive dismissal); Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997) (finding that a bare allegation of an ongoing policy of discrimination would be enough to survive a motion dismiss in an age discrimination case). A plaintiff must allege that one or more of the discriminatory acts fell within the appropriate period of time or that the discriminatory system was maintained before and during the limitations period. Blesedell v. Mobil Oil Corp., 708 F. Supp. 1408, 1414 (S.D.N.Y. 1989).

Here, Waul has alleged that these defendants "[e]xhibited a pattern of acts and omissions, that were not accidents, inadvertent failures, or random occurrences. . . .." Am. Compl. at ¶ 51. Waul further alleges, albeit not specifically in reference to these defendants, that a "policy or custom [existed] which sanctioned the type of actions which

-6-

caused the violations complained of. . . ." Id. at ¶ 52.  Waul also alleges several non-time-barred acts by these defendants presumably in furtherance of the alleged ongoing policy. Id. at ¶¶ 38, 40, & 43.  Liberally construing Waul's complaint,[5] these allegations are sufficient to survive a motion to dismiss.[6]

### III.  Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion to dismiss (Docket No. 66) be **DENIED** as to defendants Koch, Anuszewski, Preocanin, and Menya.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

---

[5] Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005) (warning that pleadings of pro se litigants should be not be lightly dismissed).

[6] Where, as here, a party seeks dismissal against a pro se litigant, the Notice of Motion must explicitly advise the non-movant of his or her obligations under the Federal Rules of Civil Procedure.  See Amaker v. Foley, 274 F.3d 677, 679 (2d Cir. 2001); Irby v. New York City Transit Auth., 262 F.3d 412, 413-14 (2d Cir. 2001); see also Docket No. 28(1) (containing such a warning in the State defendants' Notice of Motion for dismissal). No such notice was given here by the four moving defendants.  See Notice of Motion (Docket No. 66).  However, Waul has responded to defendants' motion in acceptable form.  Docket No. 70.  Therefore, this defect in defendants' pleadings is harmless.

**REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: January 4, 2007
       Albany, New York

*David R. Homer*
United States Magistrate Judge